**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **JUSTIN LEGENDRE, individually and on behalf** of all others similarly situated, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil No. _____ |
| | ) |
| v. | ) |
| | |
| **TOWN OF MOUNT VERNON, MAINE,** Defendant. | ) |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.   This is an action for unpaid minimum wages, liquidated damages, interest, and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Maine wage-payment and minimum-wage laws, 26 M.R.S. §§ 621-A, 626-A, 663, 664, and 670, and for retaliation in violation of 29 U.S.C. § 215(a)(3).

2.   Plaintiff brings Count I under 29 U.S.C. § 216(b) for himself and other similarly situated current and former paid firefighters who file written consents to join this action. Plaintiff brings Counts II, III, and IV on his own behalf.

3.   Defendant Town of Mount Vernon (the "Town") operates the Mount Vernon Fire & Rescue Department and employs Plaintiff Justin Legendre as a firefighter at an hourly rate exceeding $17.

4.   The Town has a common practice of paying its paid firefighters only approximately once every six months.

1

5. As a result, Plaintiff and other paid firefighters received no wages by the regular payday for compensable work performed in one or more workweeks.

6. When Plaintiff complained about not being paid, the Town suspended him.

7. Plaintiff seeks unpaid wages and minimum wages for himself and the employees who opt in, individual relief under Maine law, remedies for the Town's retaliation, and the damages, costs, and attorney's fees provided by law.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over the FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over the Maine-law claims under 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Town is located in this District and the events giving rise to the claims occurred here.

## PARTIES

10. Plaintiff Justin Legendre is an adult resident of Kennebec County, Maine. At all relevant times, Plaintiff was an employee of the Town.

11. Defendant Town of Mount Vernon is a Maine municipality located in Kennebec County. At all relevant times, the Town was Plaintiff's employer and a public agency within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

**A.    Plaintiff's employment and the Town's failure to pay**

12. Plaintiff has served as a firefighter with the Mount Vernon Fire & Rescue Department since 2022.

13. Plaintiff performs firefighting, responds to rescue calls, and does related work for the Town.

14. The Town agreed to pay Plaintiff $17 and an unknown number of cents for each hour worked. The exact hourly amount is not known to the Plaintiff because the Town failed to issue paystubs.

15. Plaintiff performed compensable work for the Town during the period relevant to this action.

16. The Town required Plaintiff and other paid firefighters to record their compensable time and maintained records of the time they worked.

17. The Town determined when and how Plaintiff and the other paid firefighters were paid.

18. Until late November 2025, the Town paid Plaintiff's wages only approximately once every six months.

19. The Town used the same or substantially similar payment schedule for other paid firefighters.

20. The Town has not paid Plaintiff for work performed from the last payment in late November through the present.

21. The unpaid work time is estimated to be about ten hours per week, though it fluctuated. The Towns records will show the exact amount.

22. More than eight days have elapsed since Plaintiff's unpaid wages were due.

23. The Town knew that Plaintiff and other paid firefighters had performed work and knew when it had not paid them for that work.

**B.    FLSA collective allegations**

24. Plaintiff brings Count I as a collective action under 29 U.S.C. § 216(b).

3

25. The proposed FLSA Collective is:

26. All current and former paid firefighters employed by the Town who, during the three years before filing their written consents to join this action, performed compensable work and were not paid at least the federal minimum wage by the regular payday for one or more workweeks.

27. Plaintiff and the members of the proposed FLSA Collective are similarly situated because they worked for the same fire department, were subject to the same or substantially similar pay practices and were not timely paid for recorded compensable work.

28. The names and contact information of the proposed FLSA Collective members are available from the Town's personnel and payroll records.

29. Plaintiff's written consent to become a party plaintiff is filed with this Complaint.

**C.   Plaintiff's complaints and the Town's retaliation**

30. In or about the second week of June 2026, Plaintiff complained to his battalion chief and the department chief that the Town had paid him zero dollars for approximately six months of work. While the part-time firefighters don't serve for the money, they often use the money to pay for summer vacations or major purchases.

31. Plaintiff complained repeatedly and was among the most vocal firefighters objecting to the Town's failure to pay wages for work already performed.

32. Chief Beckler knew that Plaintiff was asserting his legal right to be paid.

33. On July 9, less than one month after Plaintiff's complaints, the Town, through Chief Beckler, suspended Plaintiff without pay.

34. The stated reason for the suspension was a joke Plaintiff posted on Facebook. Plaintiff posted the joke while off duty, from a personal account, while not in uniform and not

representing the Department. The person to whom the joke was directed was not offended and found it funny. The suspension also violated the discipline procedures in the Mount Vernon Personnel Policy.

35.     When the Plaintiff returned to the station to talk to other workers about their collective right to be paid wages for their work and to again to demand payment, he was suspended indefinitely and ordered to return equipment.

36.     The stated reason for the suspension is pretext. The Town would not have suspended Plaintiff if he had not complained about the Town's failure to pay wages. The suspension has caused Plaintiff lost work hours and wages and other harm.

## COUNT I

Collective Failure to Pay Minimum Wages - FLSA, 29 U.S.C. §§ 206 and 216(b)

37.     Plaintiff realleges the preceding paragraphs.

38.     Plaintiff and the members of the FLSA Collective who file written consents were employees, and the Town was their employer, within the meaning of the FLSA.

39.     The Town failed to pay Plaintiff and the members of the FLSA Collective at least the federal minimum wage for compensable work by the regular payday for one or more workweeks, in violation of 29 U.S.C. § 206.

40.     The Town's violations were willful.

41.     Plaintiff and the members of the FLSA Collective who file written consents are entitled to recover unpaid minimum wages, an equal amount as liquidated damages, and reasonable attorney's fees and costs under 29 U.S.C. § 216(b).

## COUNT II

Failure to Pay and Timely Pay Wages - Maine, 26 M.R.S. §§ 621-A and 626-A

42.    Plaintiff realleges the preceding paragraphs.

43.    Section 621-A requires the Town to pay Plaintiff's wages, including wages earned as a paid firefighter, at regular intervals not exceeding 16 days.

44.    The Town violated section 621-A by paying Plaintiff only approximately once every six months and by failing to pay the wages alleged in this Complaint.

45.    Plaintiff's wages from [date] through the present remain unpaid more than eight days after they were due.

46.    Plaintiff is entitled under 26 M.R.S. § 626-A to his unpaid wages, interest, an additional amount equal to twice the unpaid wages as liquidated damages, and costs of suit including a reasonable attorney's fee.

## COUNT III

Failure to Pay Minimum Wage - Maine, 26 M.R.S. §§ 663 and 664 (Remedy Under § 670)

47.    Plaintiff realleges the preceding paragraphs.

48.    Maine law required the Town to pay Plaintiff at least $14.65 per hour for work performed in 2025 and at least $15.10 per hour for work performed in 2026.

49.    The Town failed to pay Plaintiff at least the applicable Maine minimum wage for compensable work performed from [date] through the present, in violation of 26 M.R.S. §§ 663 and 664.

50.    Plaintiff is entitled under 26 M.R.S. § 670 to unpaid minimum wages, an additional equal amount as liquidated damages, and costs of suit including a reasonable attorney's fee.

## COUNT IV

Retaliation - FLSA, 29 U.S.C. §§ 215(a)(3) and 216(b)

51.  Plaintiff realleges the preceding paragraphs.

52.  Plaintiff's complaints to the Town about its failure to pay his wages were protected activity under 29 U.S.C. § 215(a)(3).

53.  The Town discriminated against Plaintiff by suspending him because he engaged in protected activity.

54.  The Town's stated reason for the suspension was pretextual.

55.  The Town's retaliation was willful.

56.  Plaintiff is entitled under 29 U.S.C. § 216(b) to such legal and equitable relief as may be appropriate, including lost wages, an equal amount as liquidated damages, rescission and expungement of the suspension, restoration of his prior employment status, compensatory damages, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Authorize this action to proceed as an FLSA collective action under 29 U.S.C. § 216(b);

B.  Order the Town to identify the members of the proposed FLSA Collective and provide their names and available contact information;

C.  Approve notice to the proposed FLSA Collective and an opportunity for similarly situated employees to file written consents to join;

D.  Enter judgment in favor of Plaintiff and the opt-in plaintiffs on Count I;

E.  Award Plaintiff and the opt-in plaintiffs their unpaid minimum wages and an equal amount as liquidated damages under 29 U.S.C. § 216(b);

F.      Award Plaintiff unpaid wages, interest, an additional amount equal to twice the unpaid wages as liquidated damages, and reasonable attorney's fees and costs under 26 M.R.S. § 626-A;

G.      Award Plaintiff unpaid minimum wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs under 26 M.R.S. § 670;

H.      Award Plaintiff, on Count IV, all legal and equitable relief appropriate under 29 U.S.C. § 216(b), including lost wages and benefits, an additional equal amount as liquidated damages, compensatory damages, rescission and expungement of the suspension, restoration of Plaintiff to his prior employment status, reasonable attorney's fees and costs, and such other relief as the Court deems appropriate;

I.      Equitably toll the limitations period for members of the proposed FLSA Collective to the extent justice requires;

J.      Award pre- and post-judgment interest to the extent permitted by law; and

K.      Grant such further relief as is just.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: July 16, 2026
Respectfully submitted,

/s/ Andrew Schmidt, Bar Number ME005498
Peter Mancuso, Bar Number ME005521
Borealis Law PLLC
97 India St.
Portland Maine 04101
andy@maineworkerjustice.com
(207) 619-0884
*Attorneys for Plaintiff*

8